IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CEDRIC NICKERSON<br>   A/K/A/ CEDRIC PIERRE WEBB<br>     TDCJ-CID #681323 | §<br>§<br>§ | |
| V. | § | C.A. NO. C-08-122 |
| RICHARD CRITES, ET AL. | §<br>§ | |

**MEMORANDUM AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR INTERLOCUTORY CERTIFICATION**

Pending is plaintiff's motion for leave to file late notice of appeal and for interlocutory certification challenging the denial of his motion to amend complaint to add parties and claims. (D.E. 17). For the reasons stated herein, it is respectfully recommended that the motion be denied.

**I.  Background.**

By Memorandum and Recommendation entered April 29, 2008, it was recommended that plaintiff's motion to proceed *in forma pauperis* ("i.f.p.") be denied because plaintiff is a three-strikes litigant who has lost the privilege of proceeding i.f.p. pursuant to 28 U.S.C. § 1915(b)(1), and, in addition, plaintiff failed to demonstrate that he was under imminent danger of serious physical injury such that an exception should be made in his case pursuant to 28 U.S.C. § 1915(g). (See D.E. 9).

On May 12, 2008, plaintiff timely filed objections to the recommendation.[1]

---

[1] Plaintiff's certificate of service is dated May 2, 2008. (See D.E. 12 at 13). That is the earliest date this pleading could have been placed in the prison mail system, and it is deemed filed on that date. Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998).

On June 30, 2008, plaintiff filed a motion to amend complaint. (D.E. 13). On July 8, 2008, plaintiff's motion to amend was denied. (D.E. 14).

On August 13, 2008, plaintiff filed a notice of appeal. (D.E. 16). He also filed a motion for leave to file a late notice of appeal and for interlocutory certification of the order denying his motion to amend complaint. (D.E. 15).

## II. Discussion.

### A. Timeliness of appeal.

Plaintiff has filed a motion to file a late notice of appeal. (D.E. 15). No final judgment has been entered in this case. As such, the appellate rules governing the time within which to file a notice of appeal, generally 30 days from entry of final judgment (see Fed. R. App. P. 4(a)), do not apply here.

If the rules were to apply, plaintiff would have to move for his extension of time within thirty days after the expiration of the time for filing the appeal and demonstrate excusable neglect or good cause for failing to file his appeal within the 30 day deadline. See Fed. R. App. P. 4(a)(5)(A). Plaintiff's motion for leave to file a late appeal, (D.E. 15), was filed on August 13, 2008, within the 30-day time period prescribed by this rule.

The determination to grant a motion for an extension of time based upon good cause or excusable neglect is an equitable decision requiring that the court take into consideration all relevant circumstances, including reason for the delay, length of the delay, prejudice to the opposing party, potential impact on the judicial proceedings, and whether the movant acted in good faith. Midwest Employer's Cas. Co. v. Williams, 161 F.3d 877, 879 (5th Cir.

1998) (citing <u>Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).

Plaintiff states that he did not receive a copy of the July 8, 2008 order denying motion to amend until July 25, 2008. (<u>See</u> D.E. 15 at 1). Although plaintiff can successfully establish that he did not receive this order timely, that does not equate with the instant challenge being brought in good faith. Moreover, the motion to amend was denied because plaintiff was attempting to add defendants and claims relating to incidents at the Beto Unit over which this Court would not have jurisdiction. (<u>See</u> D.E. 9). Thus, plaintiff is not entitled to a late filed appeal based on excusable neglect or good cause.

**B.    Interlocutory appeal.**

Plaintiff is challenging the denial of his motion to amend his complaint to add new parties and claims. He brings his motion for interlocutory review pursuant to 28 U.S.C. § 1292.

The basic principle of appellate jurisdiction is that appeals may be taken only from final judgments. 28 U.S.C. § 1291. The final judgment rule is based on the policy against piecemeal appeals and the "inevitably attendant delay and increase in cost that result from piecemeal appeals." However, § 1292 sets forth the circumstances in which the appellate courts have jurisdiction of interlocutory appeals. In general, the test is met when a district court certifies that the "order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 u.S.C. §1292(b), or when a judgment disposes of fewer than all claims or all parties and the district judge directs the

entry of final judgment, making an express determination that there is no just reason for delay. Fed. R. Civ. P. 54(b).

Interlocutory appeals are generally disfavored, and statutes permitting them must be strictly construed. In re Complaint of Ingram Towing Co., 59 F.3d 513, 515 (5th Cir. 1995). In general, interlocutory appeals should be limited to those that are expressly allowed, and they must conform to the jurisdictional mandates of Congress, which is intended to permit interlocutory appeal only from orders of serious, perhaps irreparable consequence, Gould v. Control Laser Corp., 650 F.2d 617 (5th Cir. 1981), and to avoid opening a floodgate to interlocutory appeals. Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478 (1978) (order denying class certification did not affect the plaintiff's own claims for injunctive relief and is not appealable).

Plaintiff's motion to amend complaint is not expressly set forth in statute, nor is it of significance to this litigation. It is interlocutory, and not appealable. Accordingly, it is respectfully recommended that plaintiff's motion to file late notice of appeal and for interlocutory certification (D.E. 15) be denied.

Respectfully submitted this 29th day of August, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

4

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).